IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 78500-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| BREANNA THORNE, | ) | |
| | ) | FILED: November 4, 2019 |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — After a defendant is sentenced to a drug offender sentencing alternative (DOSA) under RCW 9.94A.660, a court has discretion to revoke the DOSA and impose a term of total confinement if that defendant is found to have violated the conditions or requirements of her sentence. Breanna Thorne challenges the court's revocation of her residential DOSA. Because the court found Thorne violated a condition of her sentence and that finding is an unchallenged verity on appeal, the court did not abuse its discretion by revoking her DOSA.

Therefore, we affirm.

## FACTS

Thorne was convicted on two counts of possession of a controlled substance. The State recommended a 16-month sentence based on her offender

score. The court sentenced Thorne to a residential DOSA pursuant to RCW 9.94A.660 and RCW 9.94A.664. The court later revoked Thorne's residential DOSA. Thorne was sentenced to 16 months' incarceration and 12 months in community custody.

Thorne appeals.

## ANALYSIS

If a defendant meets the requirements of RCW 9.94A.660(1), then a court can waive imposition of a standard range sentence and instead impose a residential DOSA under RCW 9.94A.664.[1] When a defendant fails to make progress in treatment or violates the conditions of her sentence, RCW 9.94A.660(7) authorizes imposing sanctions on the defendant. Specifically, RCW 9.94A.660(7)(c) provides:

> The court may order the offender to serve a term of total confinement within the standard range of the offender's current offense at any time during the period of community custody if the offender violates the conditions or requirements of the sentence or if the offender is failing to make satisfactory progress in treatment.

Imposing a term of total confinement revokes the defendant's residential DOSA.

The court made two findings of fact to support revocation of Thorne's DOSA: (1) "failing to complete a chemical dependency evaluation on or before 3/15/18" and (2) "failing to follow [community corrections officer] directives by not

---

[1] State v. Church, 5 Wn. App. 2d 577, 581, 428 P.3d 150 (2018) (citing RCW 9.94A.660(3)), review denied, 192 Wn.2d 1020, 433 P.3d 812 (2019).

setting up [a] bed date."[2] Thorne contends substantial evidence did not support the first finding, thus making revocation improper.[3]

Thorne asserts that the presence of a single unsupported finding to revoke her DOSA requires reversal and remand. But she fails to provide any support for this proposition, and neither RCW 9.94A.660(7) nor section .664 provides any.[4] Thus, the issue is whether the court abused its discretion by revoking Thorne's DOSA based only on its second finding.[5] Thorne did not challenge this finding, so it is a verity on appeal.[6]

---

[2] Clerk's Papers (CP) at 9.

[3] The court's oral decision emphasized the lack of honesty by Thorne. Report of Proceedings (RP) (May 3, 2018) at 10-12. But when the court addressed Thorne's dishonesty surrounding the chemical dependency evaluation in its written findings, the court expressly indicated that alleged dishonesty was not a violation. Clerk's Papers at 9. Written findings control over conflicting oral statements by the court regarding alternative theories to support revocation. Grundy v. Brack Family Tr., 151 Wn. App. 557, 571, 213 P.3d 619 (2009).

[4] In addition, it is clear to us that the court would have revoked Thorne's DOSA based solely on her failure to follow her community correction officer's directives to set up a bed date because the court emphasized Thorne's ongoing dishonesty with her community corrections officer regarding treatment, which prevented the treatment program from working for her. RP (May 3, 2018) at 12-13; cf. State v. Jackson, 150 Wn.2d 251, 276, 76 P.3d 217 (2003) (finding that an appellate court may uphold an exceptional sentence where it is clear the trial court would have imposed it anyway, absent an erroneous factor).

[5] See In re Schley, 191 Wn.2d 278, 286, 421 P.3d 951 (2018) (evaluating a DOSA revocation as revocation of a suspended sentence); State v. McCormick, 166 Wn.2d 689, 705-06, 213 P.3d 32 (2009) (courts evaluate revocation of a suspended sentence for abuse of discretion); see also RCW 9.94A.660(7)(c) (stating a court "may" impose a term of total confinement upon finding violation of a sentencing condition).

[6] State v. Coleman, 6 Wn. App. 2d 507, 516, 431 P.3d 514 (2018), review denied, 193 Wn.2d 1005, 438 P.3d 122 (2019).

RCW 9.94A.660(7) requires only that a defendant "violate[ ] the conditions or requirements of the sentence" or "fail[ ] to make satisfactory progress in treatment" to warrant revocation. An appendix to Thorne's judgment and sentence lists 10 additional conditions of her DOSA. One condition is that she "[p]articipate in substance abuse treatment as directed by the supervising Community Corrections Officer."[7] Thorne violated this condition by failing to follow her community correction officer's direction to set up a bed date for drug treatment. Because RCW 9.94A.660(7)(c) authorizes imposing "total confinement" when a defendant "violates the conditions or requirements of a sentence," the court did not abuse its discretion by revoking Thorne's DOSA and sentencing her to 16 months' incarceration.

Therefore, we affirm.

WE CONCUR:

_____

Chun, J.

_____

Andrus, J.

---

[7] CP at 37.